IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-457 |
| RONALD C. GRANVILLE | : | |

### UNITED STATES' GUILTY PLEA MEMORANDUM

**I.   INTRODUCTION**

Defendant Ronald C. Granville is charged in an information with one count of deprivation of rights under color of law and one count of falsification of records, in violation of Title 18, United States Code, Sections 242 and 1519. The charges arise from the defendant's participation, along with other correctional officers, in the violent beating of an inmate at the Curran-Fromhold Correctional Facility and his and other officers' efforts to conceal that use of excessive force. A guilty plea hearing is scheduled for Monday, January 9, 2023, at 10:30 a.m.

**II.   PLEA AGREEMENT**

Pursuant to the terms of the written guilty plea agreement, the defendant will plead guilty to both counts of the information. A copy of the plea agreement will be forwarded to the Court in advance of the guilty plea hearing.

**III.   ESSENTIAL ELEMENTS OF THE OFFENSES**

    **A.**   The essential elements of Count One, deprivation of rights under color of law in violation of 18 U.S.C. § 242, are that:

        1.   The defendant was acting under color of law;

        2.   The defendant deprived a person of a constitutional right, which in this case is the person's right not to be deprived of liberty without due process of law, which includes the right to be free from the use of unreasonable force by a correctional officer;

        3.        The defendant willfully deprived the person of that right; and

        4.        The offense resulted in bodily injury to the victim.

**B.**    The essential elements of Count Two, falsification of records in violation of 18 U.S.C. § 1519, are that:

        1.        The defendant knowingly falsified a document;

        2.        The defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of a matter; and

        3.        The matter was within the jurisdiction of the Federal Bureau of Investigation ("FBI"), which is an agency of the United States.

## IV. MAXIMUM PENALTIES

The maximum statutory penalties that can be imposed for the offenses are: for Count One, deprivation of rights under color of law in violation of 18 U.S.C. § 242: up to 10 years of imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment; for Count Two, falsification of records in violation of 18 U.S.C. § 1519: up to 20 years of imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

<u>The total maximum statutory penalty that can be imposed is</u>: up to 30 years of imprisonment, 3 years of supervised release, a $500,000 fine, and a $200 special assessment. Full restitution shall also be ordered.

## V. FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would introduce competent evidence which would establish that on October 6, 2020, defendant Ronald Granville was working as a Correctional Sergeant for the Philadelphia Department of Prisons ("PDP") at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, Pennsylvania. The PDP was a department of the City of Philadelphia which was responsible for operating Philadelphia's jails

and for the care, custody, and safety of the inmates housed at PDP facilities such as CFCF.

On October 6, 2020, the defendant was ordered by a Correctional Lieutenant to supervise a strip-search of an individual whose initials were V.H., who was housed at CFCF awaiting resolution of criminal charges. At approximately 9:00 p.m., the defendant and four correctional officers escorted V.H. to his cell to conduct the strip-search. After V.H. complied with the correctional officers' orders and was naked, the defendant and other correctional officers punched, kicked, and assaulted V.H. numerous times and knocked him to the ground. As a result of the assault on V.H. by the defendant and the correctional officers, V.H. was hospitalized with injuries to his face, ribs, and scrotum, and had to undergo emergency surgery.

During the approximately four weeks following the assault on V.H., the defendant worked with the Correctional Lieutenant who ordered the strip-search and the officers who escorted V.H. to his cell on October 6th to submit false reports about the assault on V.H. In the false reports, the defendant, the lieutenant, and the officers made up facts about V.H.'s aggression and minimized the level of force used by the officers, who used force, and the nature of the blows applied by the correctional officers, in order to conceal the use of excessive and unreasonable force against V.H. on October 6, 2020. The defendant knew that the false reports he submitted and helped to submit could be used in an investigation of the use of force, including investigations by the prison and the City of Philadelphia, and also by federal law enforcement authorities such as the FBI, an agency of the United States.

This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

JACQUELINE C. ROMERO
United States Attorney


*s/ Nancy E. Potts*
NANCY E. POTTS
EVERETT R. WITHERELL
Assistant United States Attorneys


DANIEL GRUNERT
Trial Attorney, U.S. Department of Justice
Criminal Section, Civil Rights Division

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by electronic filing and electronic mail upon:

>James A. Funt, Esq.
>Weir, Greenblatt, Pierce LLP
>1339 Chestnut Street, Suite 500
>Philadelphia, PA 19107
>jfunt@wgpllp.com

Date: January __, 2023               *s/ Nancy E. Potts*
                                     Nancy E. Potts